David Jacobs       (SBN 073545)
Tryphena Y. Liu   (SBN 322858)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California  90067-2506
Telephone: 310.556.8861
Facsimile:  310.553.2165
djacobs@ebglaw.com; tliu@ebglaw.com;
cemail@ebglaw.com

Attorneys for Defendants
B. BRAUN MEDICAL INC. AND
MICHELLE HANNAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHRIS HOFFMAN,<br><br>              Plaintiff,<br><br>      v.<br><br>B. BRAUN MEDICAL INC., a corporation; MICHELLE HANNAN, an individual; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No:<br><br>**DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332 AND § 1441(a) IN WHICH DEFENDANT MICHELLE HANNAN JOINS**<br><br>*[Filed Concurrently with Civil Cover Sheet; Declarations of David Jacobs, Diane Wheeler, and Michelle Hannan; Defendant's Notice of No Related Parties; Defendant's Notice of Interested Parties; Defendant's Corporate Disclosure Statement]* |

DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant B. Braun Medical Inc. ("B. Braun"), contemporaneously with the filing of this notice, invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove the above-captioned action, *CHRIS HOFFMAN v. B. BRAUN MEDICAL INC. a corporation.; MICHELLE HANNAN, an individual; and DOES 1 through 10, INCLUSIVE,*, Case No. 30-2024-01410937-CU-WT-NJC, from the Superior Court of the State of California for the County of Orange ("State Court Action") to the United States District Court for the Central District of California. Defendant Michelle Hannan ("Hannan") joins in B. Braun's request for removal. (Declaration of Michelle Hannan ["Hannan Decl."], ¶ 3.) In support thereof, B. Braun and Hannan (collectively, "Defendants") assert the following:

**I. PLEADINGS, PROCESS, AND ORDERS**

1.      On or about July 3, 2024, Plaintiff Chris Hoffman ("Plaintiff") commenced the above-captioned action in the Superior Court of the State of California, County of Orange, against Defendants. The action is entitled *Chris Hoffman v. B. Braun Medical Inc.; Michelle Hannan; and Does 1 through 21, Inclusive*, Case No. 30-2024-01410937-CU-WT-NJC. (Declaration of David Jacobs ["Jacobs Decl."], ¶ 2.).

2.      On or about July 10, 2024, B. Braun was served with a copy of the Summons, Complaint, and related documents. (Jacobs Decl., ¶ 3, Ex. A.).

3.      On or about July 19, 2024, Hannan's counsel completed a Notice and Acknowledgement of Receipt of the Summons, Complaint, and related documents. (Jacobs Decl., ¶ 4, Ex. B.).

4.      On August 2, 2024, Defendants Answered the Complaint. (Jacobs Decl., ¶ 5, Ex. C.).

5.      The above documents constitute all pleadings, process, and orders served on or by Defendants in the State Court Action and are attached in accordance with 28 U.S.C. § 1446(a). (Jacobs Decl., ¶ 6.)

## II.  BASIS FOR REMOVAL

6.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.      Citizenship

7.      Plaintiff has alleged that he was a resident of California at all times mentioned in the Complaint. (Compl., ¶ 1.) Plaintiff avers in the Complaint that he was employed by Defendant in California from March 2022 to March 2024. (Compl., ¶¶ 15, 28.) Plaintiff's employment records reflect that his last known residence, as of May 2024, is in California in the County of Orange, which is reflected on his Personal Income Tax Earnings and Withholding from the California Franchise Tax Board. (Declaration of Diane Wheeler ["Wheeler Decl."], ¶ 4.). All of these facts are indicia of Plaintiff's California citizenship. *CarMax Auto Superstores CA LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1091, fn. 38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state"); *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (noting that the factors relevant to domicile determination include residence and place of employment); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) (observing "that the party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change").

8.     "In determining whether there is diversity of citizenship between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002) (internal citations omitted).

9.     Here, B. Braun is a corporation that was duly created and organized under the laws of the State of Pennsylvania on September 12, 1979. (Wheeler Decl., ¶ 2.) Since that date, including on the date of the filing of the Complaint, B. Braun has maintained the same corporate status. (*Id.*) As of date of this Notice of Removal, B. Braun's status remains the same. (*Id.*)

10.     At the time of the filing of the Complaint, B. Braun's headquarters and principal place of business was located in Bethlehem, Pennsylvania. (Wheeler Decl., ¶ 3.) As of the date of this Notice of Removal, Defendant's headquarters and principal place of business remains in Bethlehem. (*Id.*) From the executive and administrative offices at this location, B. Braun's officers direct, control, and coordinate B. Braun's nationwide services and overall business operations. (*Id.*) B. Braun's corporate officers perform their primary fundamental operations out of Pennsylvania, not California. (*Id.*) B. Braun thus is a citizen of Pennsylvania for purposes of diversity jurisdiction under the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 78 (2010) (holding that a corporation's "principal place of business" under section 1332(c)(1) is typically its corporate headquarters so long as the headquarters is the actual center of direction, control, and coordination rather than an office to hold board meetings).

11.     During the time of Plaintiff's employment with B. Braun, Defendant Hannan was a resident of the State of New Jersey. (Hannan Decl., ¶ 2.) As of date of this Notice of Removal, Hannan's status remains the same. (*Id.*)

12.     For these reasons, the requirements for diversity jurisdiction are met because Plaintiff and Defendants are citizens of different states.

DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL

### B. Doe Defendants

13. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(b) (for purposes of removal under this chapter, the "citizenship of defendants sued under fictitious names shall be disregarded."). Thus, the existence of Doe defendants 1 through 10, inclusive, does not deprive this Court of jurisdiction.

### C. Amount in Controversy

14. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000. 28 U.S.C. §1332(a). The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment, the State practice does not permit a demand for a specific sum, and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim."). "The amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the court may consider facts presented in the removal petition); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties.").

15. The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart*

*Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (citing 28 U. S. C. § 1446(a)). Moreover, Defendant need not submit evidence to support its notice of removal. *Id.* at 87. Defendant only must plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (citations omitted).

16.     It is well settled that in determining whether a complaint meets the $75,000.00 amount in controversy threshold of U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorneys' fees. *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (superseded on other grounds) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorneys' fees can be considered in determining whether the jurisdictional amount is met."); *Simmons*, 209 F. Supp. 2d at 1031 ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages."). Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

17.     In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)

("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated")). The arguments and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

18. Here, Plaintiff asserts claims for, among other things, harassment, discrimination, retaliation, and wrongful termination, seeking damages for: 1) past and future wage loss; 2) emotional distress; and 3) attorneys' fees (Compl., Prayer for Relief.) He also seeks: 4) punitive damages (Compl., ¶¶ 11, 20, 27, 36, 44, 61.) He alleges that his past and future wage loss alone is "in excess of the jurisdictional minimum of this court." (*Id.* at ¶¶ 9, 18, 25, 34, 42.) He also alleges emotional distress damages in excess of the jurisdictional minimum of this Court. (*Id.* at ¶¶ 10, 19, 26, 35, 43.)

19. Defendants deny the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming Plaintiff's claims to be accurate for this removal only, the amount in controversy does in fact exceed the jurisdictional minimum.

20. While Plaintiff's claims demonstrate and he specifically alleges that the amount in controversy is exceeded, out of an abundance of caution Defendant provides greater detail below to confirm that the amount in controversy placed at issue by Plaintiff exceeds $75,000. Here, the evidence establishes that threshold is met.

21. <u>Past and Future Lost Wage Damages</u>: While defendants deny any lost wages, benefits or other damages, Plaintiff alleges that he "has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential, and incidental financial losses, in an

amount to be proven at trial in excess of the jurisdictional minimum of this court." (Compl., ¶¶ 9, 18, 25, 34, 42.) The Fair Employment and Housing Act ("FEHA") provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal. App. 4th 895, 909 (1999). Economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 695–97 (2004). California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years. *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87–03 (1987). Plaintiff states in the Complaint that he seeks damages for lost wages and front pay on his FEHA claims in excess of the jurisdictional requirement of $75,000.00, and Defendant has a good faith belief that the damages sought do in fact exceed the $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

    a. Plaintiff was employed by Defendant from March 28, 2022 to March 5, 2024. (Wheeler Decl., ¶ 4.)

    b. At the time of Plaintiff's termination, he was working full-time and earned an annual salary of $147,978.04. (Wheeler Decl., ¶ 4.)

    c. Based on Plaintiff's annual salary and status as a full-time employee, Plaintiff's back pay claim alone is $62,606.09 for the

approximate 22 weeks between his March 5, 2024 date of separation and the date of this Notice of Removal.

d. Under a conservative estimate, any judgment in this case will likely be rendered no earlier than October 2025. Assuming that Plaintiff takes this matter to trial and that trial is set for approximately 14 months from the date of the filing of Plaintiff's Complaint, Plaintiff would accrue a claimed additional year of back pay in the amount of $147,978.04. Combined with Plaintiff's lost wages to date of $62,606.09, Plaintiff's total claim for back pay would amount to $210,584.13.

e. Assuming that Plaintiff also recovers front pay for one year, or $147,978.04, in addition to back pay, the amount in controversy on economic damages alone is approximately $358,562.17 and will generously exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

22. <u>Emotional Distress Damages</u>: Plaintiff seeks damages for emotional and mental distress in an unspecified amount. (Compl., Prayer for Relief, ¶ b.) Plaintiff alleges he "was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated" and as result "claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court." (*Id.* at ¶¶ 19, 26, 35, 43.) Courts have stated that "emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint." *Simmons*, 209 F. Supp. 2d at 1034. In *Simmons*, despite the amount of emotional distress damages being unclear, the court found the employment discrimination case cited by the defendant, with a $3,500,000 award for pain and suffering, to indicate that emotional distress damages in a successful employment discrimination case may be

substantial. *Id.* Moreover, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek in excess of $75,000.00 in such damages. *See Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of $75,000.00 for emotional distress damages); *Satrap v. Pacific Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld). Here, although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *See, e.g.*, *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Gardenhire v. Housing Authority*, 85 Cal. App. 4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

23.    Punitive Damages: "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033. In *Simmons*, where the plaintiff had only worked for the defendant for four months, the court nevertheless considered jury verdicts, presented by the defendant, with substantial punitive damage awards in distinguishable cases. "*See, e.g., Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857 ($60,000 punitive damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.,* Cal.Super.Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept.2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.,* JVR No. 801112 ($40,000,000 punitive damage award)." *Id.* The court explained, "The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Although the facts of the instant action are far less egregious, defendant has met its burden of

- 10 -

showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award." *Id.* Here, Plaintiff has alleged employment discrimination claims plus punitive damages. (Compl., ¶ 27) Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff was to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc.,* 2015 U.S. Dist. LEXIS 98517, at *11–12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

24.   **Attorney's Fees**:  Plaintiff also seeks to recover attorneys' fees under the FEHA. (Compl., ¶¶ 12, 28, 37, 45 and Prayer for Relief, ¶ g.) In *Simmons*, the court found, "Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages." 209 F. Supp. 2d at 1035. The court ultimately concluded that attorneys' fees, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum was clearly satisfied. *See id.* Likewise, here, assuming Plaintiff prevails on his discrimination claim, his attorneys' fees will likely exceed $75,000. Defendant's lead attorney, David Jacobs, has represented employers in employment litigation for over 30 years in California, and is familiar with fees requested by Plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA violations and related claims. (Jacobs Decl., ¶ 7.) Based on Plaintiff's allegations, it would not be unreasonable to expect that attorney's fees will exceed the sum of $75,000.00 for Plaintiff through trial. (*See id.*)

25.   Including all of the relief Plaintiff seeks, the amount in controversy in this case exceeds $75,000. *See James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *1–2 (E.D. Cal. June 1, 2007) (although not facially apparent from the complaint, the court found that the plaintiff's claims for

DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL

back pay, emotional distress damages, punitive damages, and attorney's fees, taken cumulatively, would exceed $75,000); *Yong v. Hyatt Regency Sacramento*, No. Civ. 06-2267 DFL EFB, 2007 WL 471008 (E.D. Cal. Feb. 9, 2007) ("Although the amount in controversy is not facially apparent, it is clear from the nature of [the plaintiff's] claims for compensatory damages, emotional distress damages, punitive damages, and attorneys' fees that the action seeks relief well above the amount in controversy requirement."); *Simmons*, 209 F. Supp. 2d at 1035 (amount in controversy satisfied when plaintiff brought discrimination and wrongful termination claims); *White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003) (holding that it was "facially apparent" that a plaintiff's wrongful termination claim exceeded $75,000 based on the plaintiff's lengthy list of compensatory and punitive damages combined with a claim for attorneys' fees).

26.    As such, the $75,000 threshold of 28 U.S.C. § 1332(a) is satisfied and this action is removable under 28 U.S.C. §§ 1332 and 1441.

## III.    VENUE

27.    Plaintiff originally filed this action in the Superior Court of the State of California, County of Orange. The County of Orange lies within the jurisdiction of the United States District Court, Central District of California, Southern Division. Therefore, venue lies in the Central District of this Court pursuant to 28 U.S.C. §§ 84(c), 1441(a) and 1446(a).

## IV.    TIMELINESS OF REMOVAL

28.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of personal service of the Summons and Complaint on Defendant B. Braun on July 10, 2024 and service on Hannan through her counsel of record on July 19, 2024, and within one (1) year of the commencement of this action.

29.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of

California, County of Orange as required under 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.

DATED:  August 6, 2024                    EPSTEIN BECKER & GREEN, P.C.

By: */s/ David Jacobs*
    David Jacobs
    Tryphena Y. Liu

    Attorneys for Defendants
    B. BRAUN MEDICAL INC. AND
    MICHELLE HANNAN

DEFENDANT B. BRAUN MEDICAL INC.'S NOTICE OF REMOVAL